IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Penny T. Whitney, ) | |
| ) | C/A No. 9:14-1166-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Penny T. Whitney ("Whitney") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 18).[1] The Report recommends affirming the decision of the Commissioner to deny benefits. The court adopts the Report and affirms the denial of disability insurance benefits.

**I. Background**

Whitney completed an application for disability insurance benefits on June 6, 2011, alleging that she became unable to work on February 1, 2010, due to fibromyalgia, diabetes, and

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

a right hand injury. Her application was denied initially and on reconsideration by the Social Security Administration. She requested a review by an administrative law judge ("ALJ"), and an ALJ conducted a hearing on July 26, 2012. At the hearing, Whitney stated that the SSA had determined the onset date to be April 1, 2011, and that she had elected to stay with that date. (R. 39). On October 24, 2012, the ALJ issued a decision, finding that Whitney was not disabled as defined in the SSA.

The ALJ found that Whitney suffered from severe impairments of fibromyalgia, obesity, and status-post right hand burn. The ALJ went on to find that Whitney's impairments did not meet or medically equal the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Whitney's residual functional capacity ("RFC"), finding that Whitney could perform sedentary work, except no climbing, crawling, or balancing, no exposure to industrial hazards, and no more than frequent fine manipulation. The ALJ concluded that Whitney could perform her past relevant work as a dispatch manager, and thus denied her claim.

On January 28, 2014, the Appeals Council declined to review the ALJ's decision. Whitney then filed this action for judicial review. The magistrate judge filed his Report on April 9, 2015. (ECF No. 18). On April 27, 2015, Whitney filed objections to the Report (ECF No. 19), and on May 12, 2015, the Commissioner filed a reply to those objections (ECF No. 21). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a

preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

Whitney contends that the magistrate judge ignored her argument that the ALJ did not apply the proper standard in evaluating the opinion of treating physician Dr. Edwin Smith, a specialist in the treatment of fibromyalgia. Dr. Smith opined that Whitney could not perform work for a full eight hours and was likely to be absent from work for more than four days per month, which Whitney argues would preclude her from working at a substantial gainful activity as required by SSR 96-8p.

The magistrate judge set forth a detailed summary of the medical records, including those from Dr. Smith. (Report at 4-11). He then set forth the correct applicable law regarding treating physicians' opinions and addressed whether the ALJ erred in giving Dr. Smith's opinion little

3

weight because he found it was not supported by the medical records. (Report at 11). The magistrate judge did not ignore Whitney's arguments regarding Dr. Smith's opinion.

Under 20 C.F.R. § 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician. However, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under § 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2) (i-ii) and (d) (3)-(5).

As the magistrate judge noted, Whitney's physical examinations failed to show Whitney suffered from any disabling functional limitations and there was no evidence that Dr. Smith's opinion as to limitations was based on anything other than Whitney's own subjective statements. (Report at 11-12). However, complaints of pain alone do not translate into functional limitations, and documentation by Whitney's physicians of her subjective complaints does not transform those complaints into clinical evidence. *See Webb v. Astrue*, 2012 WL 3061565, at * 17 (N.D.W. Va. June 21, 2012) (*citing Craig v. Chater*, 76 F.3d 585, 590 n.2 (4th Cir. 1996)). Moreover, the magistrate judge did not doubt the fibromyalgia diagnosis, and noted that Dr. Smith found Whitney's condition to be stable. (Report at 12). Further, the magistrate judge noted that Dr. Smith's opinion was contrary to other providers, specifically Dr. William Maguire and the Burn

4

Center.  (Report at 15-16).  As set out above, the court's function is not to review claims de novo or reweigh the evidence.  Instead, the court must determine whether, upon reviewing the whole record, the ALJ's decision is supported by substantial evidence and there has been a proper application of the law.  Reviewing the evidence in the record, the court agrees with the magistrate judge and finds that the ALJ adequately considered Dr. Smith's opinion as to Whitney's limitations and restrictions, and that his decision to afford it little weight is supported by substantial evidence.

## IV.  Conclusion

Therefore, after a thorough review of the record, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 30, 2015
Anderson, South Carolina

5